**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ROBERT ETHAN MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No. |
| | ) | 1 09-CV-1700-ODE |
| | ) | |
| KATHERINE LANE MILLER, | ) | |
| KARINA MILLER, JAMES B. | ) | |
| MILLER, BART MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

COME NOW, Defendants Katherine Lane Miller, James B. Miller and Bart

Miller ("Defendants") and files their Answer and Affirmative Defenses to Plaintiff

Robert E. Miller's ("Plaintiff") Complaint as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's Complaint is barred in whole or in part by the applicable statute of

limitations.

- 1 -

## THIRD DEFENSE

Plaintiff's claims pursuant to the United States Constitution fail because Defendants are not state actors.

## FOURTH DEFENSE

Plaintiff's Complaint is barred in whole or in part by the doctrine of laches.

## FIFTH DEFENSE

Defendants reserve the right to amend or add any additional defenses that become known during the course of this litigation.  Defendants respond to the specific averments and allegations in Plaintiff's Complaint as follows:

1.

Defendants submit that the unnumbered paragraph of Plaintiff's Complaint entitled Jurisdiction does not require a response.  To the extent a response is required, Defendants admit that jurisdiction is proper in this Court.

2.

Defendants deny the allegations contained in first unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts.

3.

In response to the allegations contained in the second unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts,

Defendants admit that Katherine Lane Miller shared an apartment with Plaintiff for a brief period. Defendants deny the remaining allegations contained in this paragraph.

4.

Defendants deny the allegations contained in third unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts.

5.

Defendants deny the allegations contained in fourth unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts.

6.

Defendants deny the allegations contained in fifth unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts.

7.

In response to the sixth unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts, Defendants admit that Plaintiff was arrested in September, 1997 and that he was convicted following trial. Defendants deny the remaining allegations contained in sixth unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts.

8.

Defendants deny the allegations contained in seventh unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts.

9.

In response to the eighth unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts, Defendants admit that Plaintiff was convicted after trial in Federal Court.  Defendants state further that they lack information necessary to admit or deny Plaintiff's allegations related to attempts to obtain a better attorney, and said allegations are therefore denied.  Defendants deny the remaining allegations contained in eighth unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts.

10.

Defendants state that they lack information necessary to admit or deny the allegations contained in ninth unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts, and that said allegations are therefore denied.

11.

Defendants deny the allegations contained in the tenth unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts.

12.

In response to the allegations contained in the eleventh unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts, Defendants admit that Plaintiff sent a certified letter in November, 1998 identifying items which Plaintiff claims were stolen. Defendants deny the remaining allegations contained in the eleventh unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts.

13.

Defendants deny the allegations contained in twelfth unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts.

14.

Defendants lack information necessary to admit or deny the allegations contained in the thirteenth unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts, and said allegations are therefore denied. By way of further response, Defendants deny that they are in possession of any property owned by Plaintiff.

15.

Defendants deny the allegations contained in fourteenth unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts.

16.

Defendants deny the allegations contained in fifteenth unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts.

17.

Defendants deny the allegations contained in sixteenth unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts.

18.

Defendants deny the allegations contained in seventeenth unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts.

19.

Defendants lack information necessary to admit or deny the allegations contained in the eighteenth unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts, and said allegations are therefore denied. By way of further response, Defendants deny that they withheld any property owned by Plaintiff.

20.

In response to the allegations contained in the nineteenth unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts, Defendants admit that Plaintiff sent a certified letter in November, 1998

identifying items which Plaintiff claims were stolen. Defendants deny the remaining allegations contained in the nineteenth unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts.

21.

In response to the allegations contained in the twentieth unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts, Defendants admit that Plaintiff sent a certified letter in November, 1998 identifying items which Plaintiff claims were stolen. Defendants deny the remaining allegations contained in the twentieth unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts.

22.

Defendants lack information necessary to admit or deny the allegations contained in the twenty-first unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts, and said allegations are therefore denied.

23.

In response to the allegations contained in the twenty-second unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts, Defendants admit that Plaintiff sent a certified letter in November, 1998

identifying items which Plaintiff claims were stolen. Defendants further state that this paragraph references other documents which speak for themselves. Defendants deny the remaining allegations contained in the twenty-second unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts.

24.

Defendants deny the allegations contained in twenty-third unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts.

25.

In response to the allegations contained in the twenty-fourth unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts, Defendants admit that, after the November, 1998 letter, Plaintiff made no effort to collect items which he alleges were taken by Defendants. Defendants deny the remaining allegations contained in the twenty-fourth unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts and further deny that they are in possession of any documents owned by Plaintiff.

26.

In response to the allegations contained in the twenty-fifth unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts, Defendants admit that, until the present suit, Plaintiff failed to file a lawsuit against

Defendants for the property that Plaintiff alleges Defendants took.  Defendants lack information sufficient to admit or deny allegations relating to Plaintiff's appeal of his criminal conviction or his family.   Defendants deny the remaining allegations contained in the twenty-fifth unnumbered paragraph of the section of Plaintiff's Complaint entitled Common Law Suit Facts and further deny that they committed any wrongdoing against Plaintiff whatsoever.

27.

Defendants deny the allegations contained in the unnumbered paragraph of Plaintiff's Complaint entitled Conclusion and further deny that Plaintiff is entitled to any relief against Defendants.

28.

Defendants deny each and every prayer for relief requested by Plaintiff.

29.

Defendants deny any allegation contained in Plaintiff's Complaint not explicitly admitted herein.

30.

Defendants state that Paragraph No. 1 of the Affidavit attached to Plaintiff's Complaint does not require a response.

31.

Defendants state that they lack information sufficient to admit or deny Paragraph No. 2 of the Affidavit attached to Plaintiff's Complaint, and that said allegations are therefore denied.

32.

Defendants deny the allegations contained in Paragraph No. 3 of the Affidavit attached to Plaintiff's Complaint.

33.

Defendants deny the allegations contained in Paragraph No. 4 of the Affidavit attached to Plaintiff's Complaint.

34.

Defendants deny the allegations contained in Paragraph No. 5 of the Affidavit attached to Plaintiff's Complaint.

35.

In response to the allegations contained in Paragraph No. 6 of the Affidavit attached to Plaintiff's Complaint, Defendants admit that Plaintiff sent a certified letter demanding the return of the property at issue in this lawsuit in November, 1998. By way of further response, Defendants deny that they committed any wrongdoing against Plaintiff.

36.

Defendants deny the allegations contained in Paragraph No. 7 of the Affidavit attached to Plaintiff's Complaint.

37.

Defendants deny the allegations contained in Paragraph No. 8 of the Affidavit attached to Plaintiff's Complaint.

38.

Defendants deny the allegations contained in Paragraph No. 9 of the Affidavit attached to Plaintiff's Complaint.

39.

Defendants deny the allegations contained in Paragraph No. 10 of the Affidavit attached to Plaintiff's Complaint.

40.

Defendants deny the allegations contained in Paragraph No. 11 of the Affidavit attached to Plaintiff's Complaint.

41.

Defendants deny the allegations contained in Paragraph No. 12 of the Affidavit attached to Plaintiff's Complaint.

42.

Defendants state that Paragraph No. 13 of the Affidavit attached to Plaintiff's Complaint does not require a response.

43.

Defendants deny any allegation contained in the Affidavit attached to Plaintiff's Complaint not explicitly admitted herein.

44.

In response to the item list attached to Plaintiff's Complaint, Defendants deny that they converted any property owned by Plaintiff and further deny that they committed any wrongdoing against Plaintiff.

45.

Defendants state that they lack information sufficient to admit or deny the allegations contained in Plaintiff's Affidavit in Support of his Motion to Proceed in Forma Pauperis and that said allegations are therefore denied.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendants pray for the following relief:

(a)     That Plaintiff's Complaint be dismissed with prejudice with all costs cast against Plaintiff;

- 12 -

(b)     That judgment be entered in the Defendants' favor on all counts of

        Plaintiff's Complaint; and

(c)     That the Defendants have any and all further relief which this Court

        may deem just and equitable.

Respectfully submitted this 6th day of April, 2010.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**


/s/ Dylan W. Howard
ROBERT G. BRAZIER
Georgia Bar No. 078938
DYLAN W. HOWARD
Georgia Bar No. 370267
*Attorneys for Defendants*

Monarch Plaza, Suite 1600
3414 Peachtree Road, N.E.
Atlanta, Georgia  30326
(404) 577-6000 –Telephone
(404) 221-6501 – Facsimile

- 13 -

## Certificate of Font Type and Size

I hereby certify the foregoing has been prepared with Times New Roman font in 14 point size, as approved by the Court in LR 5.1C.

Dated:  April 6, 2010

> **BAKER, DONELSON, BEARMAN,**
> **CALDWELL & BERKOWITZ, P.C.**
>
>
> /s/ Dylan W. Howard
> ROBERT G. BRAZIER
> Georgia Bar No. 078938
> DYLAN W. HOWARD
> Georgia Bar No. 370267
> *Attorneys for Defendants*

Monarch Plaza, Suite 1600
3414 Peachtree Road, N.E.
Atlanta, Georgia  30326
(404) 577-6000 –Telephone
(404) 221-6501 – Facsimile

- 14 -

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ROBERT ETHAN MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No. |
| | ) | 1 09-CV-1700-ODE |
| | ) | |
| KATHERINE LANE MILLER, | ) | |
| KARINA MILLER, JAMES B. | ) | |
| MILLER, BART MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** has been served via the CM/ECF Notification System and via U.S. Mail, postage prepaid on:

Robert Ethan Miller
Reg. No. 48707-019
LEE
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 305
JONESVILLE, VA 24263

This 6th day of April, 2010.

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**


/s/ Dylan W. Howard
ROBERT G. BRAZIER
Georgia Bar No. 078938
DYLAN W. HOWARD
Georgia Bar No. 370267
*Attorneys for Defendants*

Monarch Plaza, Suite 1600
3414 Peachtree Road
Atlanta, GA  30326
Phone: (404) 577-6000
Fax: (404) 221-6501

- 16 -